*H HN*

**RECEIVED**

MAR 2 5 2008
3-25-2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Brian Perron
_____

_____

_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV1735**
**JUDGE DOW**
**MAGISTRATE JUDGE KEYS**

                    vs.                    Case No:_____
                                           (To be  supplied  by  the  Clerk of this Court)
____ Sgt Mateer(Personal Cap)

____ Dep. Hannon(Personal Cap)

____ Chief Lavery (Personal Cap)

_____

_____

_____
(Enter above the full name of ALL
defendants in this action.  <u>Do not</u>
use "et al.")

**CHECK ONE ONLY:**

____ X ____      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
                 **U.S. Code** (state, county, or municipal defendants)

_____          **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
                 **28 SECTION 1331 U.S. Code** (federal defendants)

_____          **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.    Name:  Brian Perron

B.    List all aliases:

C.    Prisoner identification number:  167203

D.    Place of present confinement:  Dupage County Jail

E.    Address:  501 N. County Farm Rd. Wheaton, Il 60187

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant:  Sgt. Mateer

       Title:  Sargent

       Place of Employment:  Dupage County Jail

B.    Defendant:  Dep. Hannon

       Title:  Deputy

       Place of Employment:  Dupage Co. Jail

C.    Defendant:  Chief Lavery

       Title:  Chief of Dupage Co. Sheriff's Office

       Place of Employment:  Retired

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.     Name of case and docket number: <u>Perron V Lyons</u>

B.     Approximate date of filing lawsuit: <u>Aug. 31st,2006</u>

C.     List all plaintiffs (if you had co-plaintiffs), including any aliases: <u>Brian Perr</u>on

D.     List all defendants: <u>David Lyons</u>

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>18th Circuit Court in Dupage County, Il</u>

F.     Name of judge to whom case was assigned: <u>Judge Popejoy</u>

G.     Basic claim made: <u>Fraudulent Statement to Judge regarding legal material</u>

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>The case was dismissed due to being past Statue of Limitation. This is being appealed</u>

I.     Approximate date of disposition: <u>Jan. 4th, 2008</u>

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the morning of May 30th,2006 at approx 0800, Sgt Mateer was doing cell inspections in her assigned area, which she noticed pictures on my wall. She states, she knocked on my cell door and stated for me to take them down. Upon me not responding, since I was asleep with earplugs, Dep. hannon opened my cell door and Sgt. Mateer entered and without attempting to wake me, started "ripping" down my pictures. I woke up and started yelling. During this time, Dep. Hannon choked me unconsciece. When I regained conscieceness, Dep. Hannon had his hand around my throat and Sgt. Mateer was on top of me holding my right arm down. They both got up and left my cell and someone closed my cell door. after a nurse saw me for having problems swallowing the nurse scheduled me to see the doctor the next morning. I received an institutional ticket for Assault/Battery to staff, which also could carry criminal charges, among other instututional violations. Ex. A. A Dupage Sheriff's Police Crime Against Persons Report was filed against me for Assault against Sgt. Mateer on May 30th,2006. Ex B. On May 31st,2006, I went to

4

medical to see the doctor which had to put me on a clear liquid diet due to problems swallowing. Upon arriving back to my cell pictures were crumbled up and thrown all over the floor of my cell. According to witness David Tratt, an inmate, Sgt Mateer and other deputies unknown to witness, went to my cell at approx. 0645, eventhough Sgt Mateer does not start work until 0700, started ripping my pictures off the walls and throwing them on the floor and stepping all over them. Ex C. Noone elses cell was even looked at since at this time cell inspections were not being performed. Chief Lavery agreed this was inappropriate behavior and stated he talked to Sgt. Mateer about this. Ex D. During the time of Sgt. Mateer and others were destroying my property Pro-Se Legal Motions disappeared from my cell. I complained to my Criminal Judge about the attack, asking for restraining orders as well as the theft of my Pro-Se legal motions. (court transcripts are provided) My criminal judge agreed to contact Internal Affairs and notify them of my complaint. Dep. Martin Manion, Special Services Manager, came to see me and stated IA contacted him and he would investigate the incident..Later, that evening, Sgt Laskero, Sgt. Collins, and Dep. Bosson, came by my cell and knocked on the door and stated they were giving me a verbal warning, without asking me any questions, eventhough, Sgt. Mateer filed the Crimes against persons report stating she

Revised 9/2007

she was a victim of Assault and listed me as suspect. Ex B at *J

No criminal charges were ever filed against me due to the

State's Attorney not finding probable cause due to this was

a repeated behavior complained of by inmates to Chief Lavery,

which he chose to ignore and condone this type of behavior

No institutional ticket was issued to me for the violation

to jail rules that I was written up for on May 30th,2006 for

hanging pictures on the wall, eventhough this violation required

a Sgt. to investigate before she started work in an area that

she was not assigned to. Sgt. Mateer was finally placed on Admin.

leave and then demoted two(2) levels to regular deputy on the

midnight shift away from the male population and any Supervisory

role due to her constant inappropriate behavior.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

??? Damages; ??? Punitive Damages; Restraining order against

Dep. Hannon, and Sgt. Mateer(now Dep. Mateer); and any other

relief the court finds appropriate; the cost of this legal action

from the defendants.

**VI.**    The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___4th___ day of ___march___ 20 _0 6_

___Brian Perron___
(Signature of plaintiff or plaintiffs)

Brian Perron
(Print name)

167203
(I.D. Number)
Dupage County Jail

501 N. County Farm Rd.

Wheaton, Il. 60187
(Address)

Revised 9/2007

Wheaton, Illinois                                    REV: 6-02
**Incident Report**

Report # DCC _____-_____

Violations
1-02 Assault/Battery To Staff
1-17 Interfering With Doors
1-20 Abusive/Disrespectful Language
2-26 Disorderly Conduct
3-13 Handling Objects/Pictures Affixed

A copy of the incident report was delivered to the inmate
By:   **Dep. Hannon, #136**
Date:  05/30/06    Time:  1330
A hearing will be held on the alleged violations.

| Date of Report | Time |
|---|---|
| 5/30/2006 | 1:24:4 5 PM |

Reporting Officer:  **Sgt. Mateer**

Emp. #   793

Nature of Incident
**Violation Of Rules/Use Of Force**

| Location of Incident | Date | Time |
|---|---|---|
| 1-A-05. | 05/30/06 | 0805 |

Persons(s) Involved

| Name | IR.# | Docket # |
|---|---|---|
| Perron, Brian | 167203 | 20504950 |

Witness(es)

| Name | Emp./Docket # |
|---|---|
| Dep. Hannon ᴅᴘᴀ #136 | 136 |

☐ _____ Wristband applied by *(if applicable)*: _____
☐ Copy of request slip to inmate file *(if applicable)*.        ☐ Population boards tagged *(if applicable)*.
Copy:
☒ Supervisors, ☒ MSU, ☐ Psych, ☒ Seg Book, ☐ Rec Room, ☐ Housing Sheet, ☐ Court Coordinator, ☐ R&D, ☐ Social Services
☐ Chaplain, ☐ Law Library, ☐ Laundry, ☐ Transport, ☐ Visiting, ☐ Kitchen, ☐ Trusty Supervisor, ☐ Contract Supervisor,
☐ Fire & Safety Ofc, ☒ OPS, ☐ Special Services Manager, ☐ Administrative Assistant, ☐ Work Release, ☐ Separation Coordinator
**Narrative: (Describe the incident and what any action was taken)**

On this date, during cell inspections, R/S observed hanging pictures and materials inside inmate Perron's cell door. R/S told inmate Perron to remove the articles and he did not respond. R/S entered inmate Perron's cell and discovered more than 30 pictures taped to most of his cell walls. R/S began removing pictures and Perron rose out of bed and started screaming at R/S. Inmate Perron ordered R/S out of his cell. R/S ordered inmate Perron to remove all objects affixed to his walls. Slowly, and while calling R/S a "bitch" and raising his voice, inmate Perron began removing pictures. R/S observed more than 20 papers identifying Perron's diet trays, also with tape, affixed to the outside of Perron's sink. R/S began removing the tape and inmate Perron grabbed R/S's right hand to attempt to prevent this. R/S pushed inmate Perron away from R/S and Dep. Hannon lowered inmate Perron onto his bunk. This was the only force used in this incident. After R/S and Dep. Hannon left inmate Perron's cell, and as Dep. Hannon was closing his cell door, inmate Perron put his right arm and then his body into the path of the moving door in an attempt to stop it and exit his cell. While holding his cell door open, inmate Perron was screaming, swearing at R/S and ordering R/S to return to his cell again. Dep. Hannon stopped the movement of the cell door and Perron removed himself from the door's path. He was seen by MSU Hedberg following this incident and complained of pain to his neck area from the door. No medical report was generated.

On
in
pi
In
v
ic
P
lc

_____
Signature Watch Commander

*Sgt M J Mateer* #793
Signature Reporting Officer

☒ Violation of Jail Regulations     <u>Inmate Hearing Report</u>     Date of Hearing:    6/1/06

| Inmate Name:  PERRON, BRIAN | | Inmate Docket:  2050  49.50 |
| --- | --- | --- |
| Hearing Officer # 1:  SGT. COLLINS #625 | Hearing Officer # 2:  SGT. LASKERO #942 | Hearing Officer # 3:  DEP. BOSSON #604 |

Inmate Status:   ☒ Pre-Trial   ☐ Sentenced   ☒ Felony   ☐ Misdemeanor   ☐ Traffic   ☐ Civil   ☐ Contract

Violation (Regulation and Number) # 1-02 ASSAULT/BATTERY, 1-17 INTERFER WITH DOOR, 1-20 ABUSIVE /DISRESPECTFUL LANGUAGE, 2-26 DISORDERLY CONDUCT, 3-13 HANGING OBJECTS/PICTURES

☒  Inmate Given an Opportunity to Respond and Present a Defense.
☒  Inmate Not Found Incompetent to Present a Defense.
☐  Inmate Appears Incompetent To Present a Defense or Does Not Understand Proceeding.

☒ Inmate Admits Violation: 1-02, 1-17, 1-20, 2-26, 3-13          ☐ Inmate Denies Violation:
☒ Facts Determined Founded: 1-02, 1-17, 1-20, 2-26, 3-13          ☐ Facts Determined Unfounded:

**Factual Basis For Finding:**

INMATE PERRON STATES, "YES REPORT IS CORRECT". AT TIME OF HEARING, INMATE PERRON HAD NO ITEM HANGING ON THE WALLS. CHARGEABLE ALL COUNTS # 1-02, 1-17, 1-20, 2-26, 3-13 BASED ON OFFICER'S REPORT OF, "R/S ENTERED INMATE PERRON'S AND DISCOVERED MORE THAN 30 PICTURES TAPED TO MOST OF HIS CELL WALLS" AND "WHILE HOLDING HIS CELL DOOR OPEN, INMATE PERRON WAS SCREAMING, SWEARING AT R/S AND ORDERING R/S TO RETURN TO HIS CELL AGAIN." AND R/S BEGAN REMOVING THE TAPE AND INMATE PERRON GRABBED R/S'S RIGHT HAND TO ATTEMPT TO PREVENT THIS."

**Discipline Imposed:**

ENTERED COMPUTER
VERBAL WARNING
2ND WRITE-UP

☐ Population boards are tagged *(if applicable)*.
☐ Psychological staff is to re-evaluate at the completion of disciplinary time *(if applicable)*.

_____          _____          _____
Signature Hearing Officer # 1.          Signature Hearing Officer # 2.          Signature Hearing Officer # 3.

Signature Chief of Corrections:

OPS+C

06UF0049

**DUPAGE SHERIFF'S POLICE**
**CRIMES AGAINST PERSONS**

| INCIDENT # 06-18761 | | | | | | | | | |

| CODE 8290 Use of force EH | TYPE OF INCIDENT | DATE OCCURRED 053006- | DATE REC. 053006 | DAY OCC. 3- | TIME OCC. 0805- | TIME REC. 0805 | DISP. 0805 | ARR. 0805 | COMP. 0805. |
|---|---|---|---|---|---|---|---|---|---|
| | | LOCATION OCCURRED County Jail 1-A-05 | | | | CODE 512 | CITY Wheaton | | SEC. 52 |

| CODE O1 | ON V | OFFICER - RANK Initial, Name & # Sgt. M. J. Mateer, #793 | Agency or Address DPSO | Code 512 | CODE O2 | ON W | OFFICER - RANK Initial, Name & # Dep. D. Hannon, #136 | Agency or Address DPSO | Code 512 |
|---|---|---|---|---|---|---|---|---|---|

| CODE | ON S | NAME LAST FIRST MIDDLE Perron, Brian J | ADDRESS 501 N. County Farm Rd., | CODE 512 | D.O.B. | S M | R W | TX HOME DNA | TX BUS DNA |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |

| | NAME OF ARRESTEE | CHARGE | C.C. OR TICKET # |
|---|---|---|---|

**PERSON DESCRIPTION**

| CODE S | SEX M | RACE W | AGE 34 | HEIGHT 5'10" | WEIGHT 219 | BUILD Fat | HAIR Brn | HAIR STYLE long | EYES Grn | GLASSES | STYLE GLASSES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SCARS, TATTOOS, FACIAL HAIR | | | | | | CLOTHING (HEAD TO TOE) jail uniform | | | | | |

**VEHICLE DESCRIPTION**

| CODE | COLOR | YEAR | MAKE | MODEL | STYLE | LIC.YR. | LIC. STATE | LIC. TYPE | LICENSE # |
|---|---|---|---|---|---|---|---|---|---|
| VIN and DISTINGUISHING MARKS: | | | | | | | | | |

| SEX OFFENSE ☐ ROBBERY ☐ BATTERY ☐ DOMESTIC BATTERY ☐ VIOLENT DOMESTIC ☐ ASSAULT ☒ ELDER ABUSE ☐ PHONE THREAT ☐ | | |
|---|---|---|
| PREMISES | WEATHER DNA | HOW VICTIM WAS ATTACKED: hand |
| WEAPONS USED hand | SUSPECT KNOWN ☒ RELATIONSHIP: | IDVA INFO PROVIDED /ADVOCATE NOTIFIED ☐ Name: | VICTIM UNDER INFLUENCE? ☐ |
| DOMESTIC HISTORY/ ARRESTS MADE/ PERSON ARRESTED | | DESCRIBE SUSPECT'S ACTIONS AND SPEECH: |
| HOSPITAL USED | DOCTOR | ADMITTED ☐ | NATURE OF INJURIES LOCATION ON BODY |
| FORENSIC INVESTIGATOR NOTIFIED ☐ PRESENT ☐ Name: | | DETECTIVE NOTIFIED ☐ PRESENT ☐ Name: |

**NARRATIVE:**

On this date, during cell inspections, R/S observed hanging pictures and materials inside inmate Perron's cell door. R/S told inmate Perron to remove the articles and he did not respond. R/S entered inmate Perron's cell and discovered more than 30 pictures taped to most of his cell walls. R/S began removing pictures and Perron rose out of bed and started screaming at R/S. Inmate Perron ordered R/S out of his cell. R/S ordered inmate Perron to remove all objects affixed to his walls. Slowly, and while calling R/S a "bitch" and raising his voice, inmate Perron began removing pictures. R/S observed more than 20 papers mystifying Perron's diet trays, also with tape, affixed to the outside of Perron's sink. R/S began removing the tape and inmate Perron grabbed R/S's right hand to attempt to prevent this. R/S pushed inmate Perron away from R/S and Dep. Hannon lowered inmate Perron onto his bunk. This was the only force used in this incident. After R/S and Dep. Hannon left inmate Perron's cell, and as Dep. Hannon was closing his cell door, inmate Perron put his right arm and then his body into the path of the moving door in an attempt to stop it and exit his cell. While holding his cell door open, inmate Perron was screaming, swearing at R/S and ordering R/S to return to his cell again. Dep. Hannon stopped the movement of the cell door and Perron removed himself from the door's path. He was seen by MSU Hedberg following this incident and complained of pain to his neck area from the door. No medical report was generated.

| OFFICER #1 M. J. Mateer, #793 | OFFICER #2 Dep. D. Hannon, #136 | SUPERVISOR | DATE 5/30/06 |
|---|---|---|---|

Incident 06-18761: Page 1 of 1

DUPAGE COUNTY SHERIFF'S POLICE

Date: 05/30/06    Time: 13:13

PAGE: 000001

Requested By: CARTWRIGHT, REBECCA

INCIDENT RECALL

| Incident | Time | Type | Pri | Dispo | Address Location | | | Bldg Apt | Callers Name | F-unit | Close Date/ | Operator |
|----------|------|------|-----|-------|---------|------|------|----------|--------------|--------|-------|----------|
| | | | | | Beat | Team/Dist | Area | | Callers Address | | Time | |
| | | | | | | | | | Callers Phone | | | |
| SO06-018761 | 13:11 | 99990 | 3 | 9960 | JAIL | | | | 793 | | 06/05/30 | SO132 |
| | | | | | JAIL | | | | | | 13:12 | |
| | | | | | 8052 | 02 | 002 | | | | | |

| Date | Time | | | | | Operator |
|------|------|--|--|--|--|----------|
| 06/05/30 | 13:11 | Incident Initiated By: SO/CARTWRIGHT, REBECCA | | | | CARTWRIGHT, REBECCA |
| 06/05/30 | 13:11 | Original Location : JAIL | | 61 | | CARTWRIGHT, REBECCA |
| 06/05/30 | 13:11 | Time initiated | CHANGED From: | To:0800 | | CARTWRIGHT, REBECCA |
| 06/05/30 | 13:12 | Incident closed | CHANGED From: | To:9960 | | CARTWRIGHT, REBECCA |
| 06/05/30 | 13:12 | UCR code | CHANGED From: | To:9960 | | CARTWRIGHT, REBECCA |

==== Vehicle / Subject Information ====

Chief  Lavery

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM:SO-00422
REVISED:02/06

PRINT NAME: Brian Perron

DATE: 6/4/06

DOCKET NUMBER: 20504950

HOUSING LOCATION: D/L 1 POD A CELL 5

CHECK ONLY ONE ITEM PER SLIP

---

**LEGAL**

☐ PUBLIC DEFENDER

CASE # _____

☐ PROBATION

COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR
☐ LAW LIBRARY
☐ OUTDATE/WARRANT CHECK
☐ HAIRCUT
☐ LETTER OF INCARCERATION REQUEST

☐ GRIEVANCE
☐ COMMISSARY AUDIT
☐ TRUSTY WORK REQUEST
☒ OTHER Disp Appeal

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS
☐ NARCOTICS ANONYMOUS
☐ ADDICTION EDUCATION/12 STEP
☐ AL-ANON (FEMALE ONLY)
☐ SUBSTANCE ABUSE COUNSELING
☐ DOCE PASOS DE VICTORIA
☐ ONE ON ONE COUNSELING
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

☐ JOB READINESS
☐ GED
☐ BASIC COMPUTER TRAINING
☐ ANGER MANAGEMENT
☐ BOOK CLUB (FEMALE ONLY)
☐ PARENTING (FEMALE ONLY)
☐ TELEPHONE REQUEST

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP
☐ MUSLIM WORSHIP
☐ CHRISTIAN WORSHIP/BIBLE STUDY
☐ CHAPLAIN, JUST of DUPAGE

☐ SCRIPTURE REQUEST (TYPE)
☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ BIBLE STUDY CORRESPONDENCE COURSE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN

☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER _____

---

DESCRIBE (Use Reverse Side if More Space is Needed)

I would like to Appeal my Disp Ruling pertaining to Incident on 5/31/06 w/Sgt mateer IL Jail standards were not followed pertaining to entering an inmate cell per Sgt mateer's own Report I never responded to her, So Dep Henson opened my cell door + She began "Ripping" my personal belongings off the wall when my cell door opened I woke up. Sgt mateer "provoked" this incident by not following Jail standards. She caused conflict between Inmate + Jail Staff which standards are in place to prevent this conflict.

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/08

PRINT
NAME: Brian Perron

DATE: 5/30/06

DOCKET
NUMBER: 20504950

HOUSING LOCATION: D/L __1__ POD __A__ CELL __5__

CHECK ONLY ONE ITEM PER SLIP

### LEGAL

☐ PUBLIC DEFENDER

CASE # _____

☐ PROBATION

COURT ROOM # _____

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR
☐ LAW LIBRARY
☐ OUTDATE/WARRANT CHECK
☐ HAIRCUT
☐ LETTER OF INCARCERATION REQUEST

☒ GRIEVANCE
☐ COMMISSARY AUDIT
☐ TRUSTY WORK REQUEST
☐ OTHER _____

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS
☐ NARCOTICS ANONYMOUS
☐ ADDICTION EDUCATION/12 STEP
☐ AL-ANON (FEMALE ONLY)
☐ SUBSTANCE ABUSE COUNSELING
☐ DOLCE PASOS DE VICTORIA
☐ ONE ON ONE COUNSELING
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

☐ JOB READINESS
☐ GED
☐ BASIC COMPUTER TRAINING
☐ ANGER MANAGEMENT
☐ BOOK CLUB (FEMALE ONLY)
☐ PARENTING (FEMALE ONLY)
☐ TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP
☐ MUSLIM WORSHIP
☐ CHRISTIAN WORSHIP/BIBLE STUDY
☐ CHAPLAIN, JUST of DUPAGE

☐ SCRIPTURE REQUEST (TYPE) _____
☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN

☐ FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER _____

DESCRIBE (Use Reverse Side If More Space Is Needed)

On this date 5/30/06 Sgt mateer & Dep. Hanson failed to follow Police Protocol
when entering an inmate's cell & proceeded to take malicious unprovoked
action against me. See Sgt mateer's Incident Rep 5/30/06. Injury to
my neck (throat) was by cell door but by these two officers
Choking me & pinning me to my bunk. All of this was preventable by
said officers following protocol & walking me up & asking me to leave room.
Pics witness David Pratt will testify to my pleadings. This is an
ongoing Harassment & Retaliation as complained of previously.

DUPAGE COUNTY JAIL
INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/06

PRINT NAME: Brian Perron

DATE: 5/31/06

DOCKET NUMBER: 20504950

HOUSING LOCATION: D/L __1__ POD __A__ CELL __5__

CHECK ONLY ONE ITEM PER SLIP

### LEGAL

[ ] PUBLIC DEFENDER

CASE # _____

[ ] PROBATION

COURT ROOM # _____

### ADMINISTRATIVE SERVICES

[ ] SEE WATCH SUPERVISOR
[ ] LAW LIBRARY
[ ] OUTDATE/WARRANT CHECK
[ ] HAIRCUT
[ ] LETTER OF INCARCERATION REQUEST

[X] GRIEVANCE
[ ] COMMISSARY AUDIT
[ ] TRUSTY WORK REQUEST
[ ] OTHER _____

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

[ ] ALCOHOLICS ANONYMOUS
[ ] NARCOTICS ANONYMOUS
[ ] ADDICTION EDUCATION/12 STEP
[ ] AL-ANON (FEMALE ONLY)
[ ] SUBSTANCE ABUSE COUNSELING
[ ] DOLCE PASOS DE VICTORIA
[ ] ONE ON ONE COUNSELING
[ ] RELAPSE PREVENTION/HEALING ADDICTIONS
[ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

[ ] JOB READINESS
[ ] GED
[ ] BASIC COMPUTER TRAINING
[ ] ANGER MANAGEMENT
[ ] BOOK CLUB (FEMALE ONLY)
[ ] PARENTING (FEMALE ONLY)
[ ] TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES

[ ] CATHOLIC WORSHIP
[ ] MUSLIM WORSHIP
[ ] CHRISTIAN WORSHIP/BIBLE STUDY
[ ] CHAPLAIN, JUST of DUPAGE

[ ] SCRIPTURE REQUEST (TYPE) _____
[ ] ESTUDIO DE LA BIBLIA EN ESPANOL
[ ] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES

[ ] DEACON ANDREW, CHAPLAIN

[ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

[ ] HEALTH EMPOWERMENT (FEMALES ONLY)
[ ] OTHER _____

DESCRIBE (Use Reverse Side If More Space Is Needed)

On the morning of 5/31 at approx. 6:30am I went to sick call. Approx. 6:45am Sgt meteer + 4 dep entered my cell rifling my belongings off the wall + tearing up my belongings. Also, I had motions + a sealed brown envelope addressed to the federal courts out by my bunk. Upon Returning I was looking for this paperwork to file in court. I had caught at 6:30am the motions + sealed Env was missing. Sgt Gruber was called and stated he entered my cell at 8:00am. Either

(OVER)

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/06

PRINT
NAME: David    Tratt

DATE: June 8, 2006

DOCKET
NUMBER: 20511464

HOUSING LOCATION: D/L __3__ POD __k__ CELL __9__

CHECK ONLY ONE ITEM PER SLIP    ** AFFIDAVIT OF MAY 31, 2006 P. 1-A-5(Brian Perron)

### LEGAL

- [ ] PUBLIC DEFENDER
  CASE # _____

- [x] PROBATION
  COURT ROOM # _____

### ADMINISTRATIVE SERVICES

- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUT DATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST

- [x] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRUSTY WORK REQUEST
- [ ] OTHER _____

### JUST OF DUPAGE SOCIAL/EDUCATIONAL SERVICES

- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

- [x] JOB READINESS
- [ ] GED
- [x] BASIC COMPUTER TRAINING
- [x] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [x] PARENTING (FEMALE ONLY)
- [x] TELEPHONE REQUEST

### JUST OF DUPAGE RELIGIOUS SERVICES

- [ ] CATHOLIC WORSHIP
- [ ] PROTESTANT WORSHIP
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE

- [x] SCRIPTURE REQUEST (TYPE) _____
- [ ] ESTUDIO DE LA BIBLIA EN ESPAÑOL
- [x] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES

- [ ] DEACON ANDREW, CHAPLAIN

- [x] FATHER GREG, ASST. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER

DESCRIBE (Use Reverse Side If More Space is Needed)

The following is an "Accurate Accounting" of the thevents which occured on
May 31st '06. in the aftermath of an Incident in the cell of Brian Perron's
On or about 6:45am. I observed Sgt. Meteer and fourt4) additional deputies,
enter the cell of Brian Perron. Sgt. Meteer immediately began "ripping down"
property, "affixed" above the door entry-way; at the same time, stating:"ah-
ha! this is what i'm talking about!". She [w]as taking pleasure in the act
and it was very suspicious, as she rushed in the pod, after Perron had been
called for "sick call". One deputy had bent over his bed and began removing

***OVER***        ***OVER***        ***OVER***

property "affixed". (2)deputies which, included dep. Mecheel(sort), were in the "right, entry-wey corner" (out of sight). The last deputy was assisting the Sgt. in this approx.5-minute encounter.

Upon leaving, they all were stepping on the property that was removed. [T]hey did not, remove and place the property on the bed in a manner that would give an affect of "Respect" to the property; rather, it was thrown about the floor and stepped on. The Sgt. departed, while gestering her hands in a "washing type motion". When they left the unit, there was a lot of "laughing about what they had accomplished!

The above accounts are true and correct as observed (by David Tratt) during the am hours of May 31, 2006.



## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

**JOHN E. ZARUBA**
SHERIFF

501 N. COUNTY FARM ROAD
WHEATON, ILLINOIS 60187
ADMINISTRATION (630) 682-7269
CIVIL DIVISION (630) 682-7250

TO      :  Inmate Brian Perron  3K-8

FROM : Deputy Martin C. Manion Special Services Manager

DATE : 8 June, 2006

RE      : **Grievance**

In follow up to our previous conversation regarding your submitted grievances dated May 30th and May 31st involving the taking down of objects affixed to your cell wall by Sgt. Mateer and other staff. After reviewing all submitted documentation from yourself, Inmate Tratt (witness) and Deputy Hannon, it is for the following listed reasons that I deny both of your submitted grievances.

1. On May 30th at approximately 0805 hours Sgt. Mateer ordered you to remove pictures from your wall and meal tags from your sink. When you did not answer she proceeded to enter your cell and began taking down tags from your sink. It is reported by both Sgt Mateer and Deputy Hannon that you jumped up from bunk and grabbed Sgt. Mateer's right hand. You were then grabbed by Deputy Hannon and lowered back onto your bunk.

2. Per report and interview with Sgt. Mateer and Deputy Hannon it was reported that you used abusive language toward Sgt. Mateer.

3. You were seen by Nurse Hedberg after incident and no injuries were reported.

4. On May 31st when Sgt. Mateer and other staff entered your cell they took down all pictures/tags affixed to wall and sink. Sgt. Mateer stated to me that no items including pictures or legal work was ever taken from your cell.

5. Your previous negative behavior toward staff was also taken into account.

6. Due to your claim that you did not hear the order from Sgt. Mateer on May 30th to take pictures off wall, you were only given a verbal warning.

Copy:
Chief Lavery
Grievance File
Inmate File
File

Chief Lowery

## DUPAGE COUNTY JAIL
### INMATE REQUEST/GRIEVANCE FORM

FORM:BO-06422
REVISED:02/06

PRINT NAME: BRian Percen

DATE: 6/11/06

DOCKET NUMBER: 20504950

HOUSING LOCATION: D/L 3 POD K CELL 8

<u>CHECK ONLY ONE ITEM PER SLIP</u>

### LEGAL
- [ ] PUBLIC DEFENDER
  CASE # _____
- [ ] PROBATION
  COURT ROOM # _____

### ADMINISTRATIVE SERVICES
- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUTDATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST
- [ ] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRUSTY WORK REQUEST
- [X] OTHER Appeal

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES
- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)
- [ ] JOB READINESS
- [ ] GED
- [ ] BASIC COMPUTER TRAINING
- [ ] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] PARENTING (FEMALE ONLY)
- [ ] TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES
- [ ] CATHOLIC WORSHIP
- [ ] MUSLIM WORSHIP
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE
- [ ] SCRIPTURE REQUEST (TYPE) _____
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES
- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT
- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER _____

DESCRIBE (Use Reverse Side if More Space is Needed)

I'm appealing marty's decision about the theft & brutality
on 5/30 + 5/31. ① I disagree w/this decision ② It's appearing as
③ this Report was written before affidavit from witness was received
④ It appears this is a coverup of IL Jail standards not being followed
⑤ until I got matever is Reprimanded or other legal action is taken against
her. I'm being predijiced against ⑥ Inv. should be conducted by
someone thats not bias. marty works with + go out with the guards
making him bias & predijice against me.

**JOHN E. ZARUBA**
**SHERIFF**

501 N. County Farm Road
Wheaton, Illinois 60187
(630) 407-2000
FAX (630) 407-2013
www.co.dupage.il.us/sheriff



| | |
|---|---|
| Civil Division | (630) 407-2060 |
| Corrections | (630) 407-2255 |
| Crime Laboratory | (630) 407-2100 |
| Detective Division | (630) 407-2323 |
| Radio Room | (630) 407-2400 |
| Records Division | (630) 407-2270 |
| Warrants Division | (630) 407-2290 |

## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

TO:     Inmate Brian Perron #20504950

FROM:   Chief Lavery

INMATE FILE
INMATE COPY
STATE'S ATTORNEY

SUBJ:   Grievance Appeal dated 6/11/2006

DATE:   June 13, 2006

I have reviewed your grievance appeal, Deputy Manion's response to your grievance dated 6/8/2006, and Inmate David Tratt's (#20511464) account of the incident dated 6/8/2006.

I disagree with your assessment of Deputy Manion, the Grievance Officer. I find in my review that Deputy Manion was not biased. Deputy Manion works well with the inmate population. He shows compassion and his conduct is moral and ethical. For example, for humanitarian reasons and at no cost to those inmates in need, he makes it a practice to obtain commissary items for inmates for their welfare and benefit. As a matter of fact, some inmates try to take advantage of his kindness.

I have spoken to Sergeant Mateer regarding the manner in which the paper items were removed from the walls of your cell on the 31st of May. These items should have been removed and placed onto the cell desk or bunk. I have addressed same this date with Sergeant Mateer.

It is apparent to me that no items were removed from your cell by staff on either date (May 30 & 31). Staff reported a use of force (May 30) after you initiated physical contact with Sergeant Mateer. Therefore, these parts of your appeal are denied. Staff also reports that you attempted to exit your cell (May 30) as the door was closing resulting in the door making contact with your body. Thereafter, a medical staff member saw you. You also attended sick call the next date (May 31).

Copy to:
Grievance File
Deputy Manion
Inmate File

RECEIVED

SEP 0 5 2007

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

FILED

SEP 0 5 2007

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

1   STATE OF ILLINOIS     )
                          ) ss   **06-0679**
2   COUNTY OF DU PAGE     )

3          IN THE CIRCUIT COURT OF DU PAGE COUNTY
        FOR THE EIGHTEENTH JUDICIAL CIRCUIT OF ILLINOIS
4

5   THE PEOPLE OF THE          )          **ORIGINAL**
    STATE OF ILLINOIS,         )
                               )
6              Plaintiff,      )
                               )
7          -vs-                )     No. 03 CF 3539
                               )
8   BRIAN PERRON,             )
                               )
9              Defendant.      )

10

11         REPORT OF PROCEEDINGS had at the hearing of the

12   above-entitled cause, before the Honorable MICHAEL BURKE,

13   Judge of the said Court, on Wednesday, the first day of

14   May, 2006.

15

16      PRESENT:

17         MR. JOSEPH E. BIRKETT,
           State's Attorney of DuPage County, by
           MS. HELEN KAPAS, and MS. ANN CELINE O'HALLAREN,
18         Assistant State's Attorneys,

19            Appeared on behalf of the People of the
              State of Illinois;
20
           MR. BRIAN PERRON, appearing pro se.
21

22

23

24

MARIE R. JAKUBIEC   CSR LICENSE NO. 084-001117
DUPAGE COUNTY C-0000506

5

1   certainly, that is a request being made by the state.

2   Based on their nolleing of the new case and the new case

3   being one of the allegations in the PTR, it certainly

4   makes sense to the Court to try and wrap up 3539.  I am

5   going to let you file whatever motions you think are

6   appropriate on 3539 on or before the next court date and

7   then we will deal with those motions and set a sentencing

8   hearing if that is appropriate.

9        MR. PERRON:  I'd like to file a petition for post

10  conviction relief.

11       THE COURT:  On 3539?

12       MR. PERRON:  Yes, sir.

13       THE COURT:  Is this the petition in its entirety right

14  now?

15       THE COURT:  Yes, sir.  There will not be any

16  supplemental or anything like that.  This is the file then

17  so we can put it down for state's response and any

18  argument on the state whether it is a motion to dismiss or

19  response, other response.

20          Do you have anything else we need copies of today

21  on 3539?

22       MR. PERRON:  Hold on, I'm still looking.

23       THE COURT:  This is 1360.

24       MR. PERRON:  That is an issue from the jail.  I was

MARIE R. JAKUBIEC  CSR LICENSE NO. 084-001117
DUPAGE COUNTY C-0000510

6

1   attacked by two officers there.  There's witnesses and

2   everything.  That's why I put the 05 case because it was

3   the current one open.  I am asking for a hearing on the

4   motion for restraining order from those two.  I would like

5   to call witnesses from the jail as well as the sergeant's

6   report is right there, based on violations of protocol,

7   police protocol.

8       THE COURT:  You have to file that in a civil division.

9   It's a civil motion.  It has nothing to do with this

10  courtroom.

11      MR. PERRON:  I was told I could file state stuff

12  through this court.

13      THE COURT:  File it through the clerk's office.

14      MR. PERRON:  Basically it's a safety issue big time.

15  I am asking for the Court's help in protecting me from

16  these two officers.  I was choked unconscious by these two

17  officers.  I have witnesses that will testify to that.  I

18  filed complaints.  I went to medical this morning because

19  of it.  I need something, some help because basically my

20  pleadings before for harassment and retaliation for my

21  complaints against the jail, I have submitted those to

22  you, and it's still going on and this time it's getting

23  physical.  I need some help.

24      THE COURT:  Order the incident reports from that.

7

1    MS. KAPAS: Certainly.

2    MR. PERRON: Let me go through, I have several 05

3  cases, I know that's closed.

4    MS. KAPAS: For clarification that was this morning on

5  May 31, 2006?

6    MR. PERRON: 5:30 yesterday morning, 8:05 Sergeant

7  Matier was the reporting. If you'd like, here is a copy

8  of the incident report for you to get the information or

9  if you want to make copies, that's what was given to me.

10    THE COURT: Anything else to file in 3539 so we can

11  move this along?

12    MR. PERRON: There was a motion last time on that case

13  for document statements.

14    THE COURT: I don't know what that means.

15    MR. PERRON: It's the docket summary statement. It is

16  a list of all the documents that have been filed in this

17  case.

18    THE COURT: I don't have such a thing.

19    MR. PERRON: The clerk usually types it in the

20  computer everything that is filed. It's a list of

21  everything in this case.

22    THE COURT: I don't even know what a document list is.

23  I don't know what you're talking about. If you want

24  access to the court file, again, I did that for you once

MARIE R. JAKUBIEC  CSR LICENSE NO. 084-001117
DUPAGE COUNTY  C 0000512

12

1    MR. PERRON: Yes.

2    THE COURT: You can file that on that, then it will

3  just be entered and continued because what I'm going to do

4  is push forward to try to resolve if possible the 3539

5  case first, then we'll see where that takes us. But you

6  can file whatever you want, and it will just be entered

7  and continued.

8    MR. PERRON: Your Honor, when are we going to address

9  the issue at the jail? I fear for my safety from these

10 two officers because they came back again this morning,

11 stole mail for the federal courts, the suit, stole the

12 other petition for the 3521 out of my cell while I was in

13 medical. I have witnesses to that. Again they didn't

14 follow protocol for inspection of the cells. It's more

15 harassment by the same sergeant and four other deputies.

16 I fear for my safety because she is in charge. She is a

17 sergeant. I mean I rather not go two weeks if possible

18 because of the previous two days. I have been assaulted,

19 and I mean I would like to ask also that --

20   THE COURT: You had nothing to do with the assault?

21 It says you were screaming bitch at them.

22   MR. PERRON: Police protocol is that they have to

23 announce themselves before coming into the cell. I was

24 asleep. They opened it. She is supposed to holler louder

1  or kick the leg of the bed.  The vibration would wake me

2  up.  She didn't.  She stepped in, started ripping stuff

3  off my wall, woke me up and of course I was defensive.

4      THE COURT:  So ripping stuff off the wall that is a

5  violation of jail rules to have on the wall?

6      MR. PERRON:  Correct, but it's against police

7  protocol which basically provoked the action on my behalf.

8  I mean it is per the jail standards.

9      THE COURT:  You became defensive and it got physical?

10     MR. PERRON:  No, I did not touch the officer at all.

11 I got up and she basically, I am not sure.  All I know is

12 I was down and when I woke up I had this male officer's

13 hand around my throat and she was pinning me down my ribs

14 and stuff.  Witnesses to it said that they had their knee

15 against my neck pinning me down and basically I don't

16 know.  I don't know what happened.  Next thing I know

17 everything was over and she walked out, her and the other

18 officer.  I mean I plan on raising this issue this

19 afternoon with the witnesses.

20     THE COURT:  That's what you have to do, present your

21 witnesses to, I'm sure you are going to have a higher

22 ranking officer there than a sergeant at your hearing.

23     MR. PERRON:  No.

24     THE COURT:  Just a sergeant?

14

1    MR. PERRON: Yes.

2    THE COURT: What do they do with complaints that you

3  make regarding this to the jail authorities?

4    MR. PERRON: I talked to Sergeant Grody this afternoon

5  about it. He said to file a grievance to Marty Manion. I

6  filed it last night. That does not solve the safety

7  issue. My safety, I am concerned.

8    THE COURT: From what I hear I am not concerned. It

9  appears to me that whatever happened very well may have

10 been provoked by you, I don't know. But the jail is

11 charged with making sure that you are safe there, but they

12 are also charged with running a jail. And if defendants

13 choose to violate the rules and not move when they're told

14 to move, things of that nature, become defensive as you

15 say, then they have to use some type of force.

16    MR. PERRON: When the action is heinous or it is a

17 safety issue, the pictures on the wall doesn't constitute

18 either one.

19    THE COURT: I am not A, a jail expert. I am not B, a

20 judge in the civil division in this courthouse. I am

21 trying to get through your criminal cases as best as

22 possible.

23    MR. PERRON: I am asking because of my safety. I have

24 been attacked. I am asking for help. If you like, please

1   transport me now to a civil judge.

2       THE COURT:  What I need to do then I need to undertake

3   my own investigation to make sure that these officers are

4   following jail procedure, that's what you want me to do?

5       MR. PERRON:   Per the law you are supposed to if I

6   raise the issue of safety concerns in the jail because I

7   have no other alternative.  I mean like I said if you

8   like, please escort me to the civil courts where I can

9   talk to that judge since it's a civil matter.

10      THE COURT:   Okay, I will make a phone call, and I

11  will see what is going on.  I am not that concerned based

12  upon what you're telling me and based upon your past

13  history of noncompliance with various areas.

14      MR. PERRON:  It was nothing physical.

15      THE COURT:  That is all.  See you on June 16.

16      MR. PERRON:   Also, I would like access to the proper

17  agency, internal affairs to file a formal complaint.

18      THE COURT:  That's what you need to do.

19      MR. PERRON:  I don't have access because I am an

20  inmate.  I don't have access to a phone to where I can

21  reach them, and I don't have the phone number.

22      THE COURT:  Here's what I'm going to do.  I am going

23  to call internal affairs at the jail and I am going to

24  tell them that you are claiming police brutality in the

16

1  jail.

2     MR. PERRON:  And theft.

3     THE COURT:  And theft, and that you fear for your

4  safety.

5     MR. PERRON:  Yes.

6     THE COURT:  We will see if the sheriff's department

7  chooses to investigate through internal affairs this

8  allegation.  Okay, June 16, 9:00 o'clock.

9     MR. PERRON:  Can I receive the response that you get

10  back from that, your Honor?

11     THE COURT:  I am going to make a phone call.  If they

12  give me a written response, yeah, I will give it to you, I

13  will give it to the state.  They are going to undertake

14  some type of investigation to make sure that you're safe

15  in the jail.

16     MR. PERRON:  Okay, thank you.

17

18              (Whereupon, which were all the proceedings

19              had in the hearing of the above-entitled

20              cause for this day.)

21

22

23

24

MARIE R. JAKUBIEC  CSR LICENSE NO. 084-001117
                   DUPAGE COUNTY  C-0000521