# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1735 | **DATE** | April 22, 2008 |
| **CASE TITLE** | Brian Perron (#167203) v. Sgt. Mateer, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Dupage County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the trust fund officer at Dupage County Jail. The Clerk shall issue summonses and attach a Magistrate Judge Consent Form to the summons for each defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice at this time.

■ [For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Brian Perron, a detainee at DuPage County Jail, seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Failure of Plaintiff to notify the Clerk of Court of any change in mailing address may result in dismissal of this lawsuit with prejudice.

| | | |
|---|---|---|
| | Courtroom Deputy Initials: | CLH |

## STATEMENT

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Dupage County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.).

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d 649, 656 (7th Cir. 2004). In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.