U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Brian Perron | 08C1735 |
| DEFENDANT | TYPE OF PROCESS |
| Sgt. Mateer, et al. | S/C |

**SERVE**

➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Sgt. Mateer, Dupage County Jail

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** DuPage County Sheriff's Office, C/O Civil Division 501 North County Farm Rd. Wheaton,

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Brian Perron, #162703
Dupage-DCJ
P.O. Box 057
Wheaton, IL 60187

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Illinois, 60187

**F I L E D**
Jun 12, 2008
JUN 12 2008  YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of:   ☒ PLAINTIFF  ☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| | 04-24-08 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 of 3 | No. 24 | No. 24 | TD | 04-24-08 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| ☐ | | |

Address (complete only if different than shown above)

NOT SERVED

| Date of Service | Time | am |
|---|---|---|
| 6/3/08 | 3:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 96.00 | 29.10 | 0 | 125.10 | 0 | 125.10 | 0 |

REMARKS:  DECEASED - RECIPIENT IS DECEASED PER CHIEF BILDRANY

1 DUSM
2 HOURS
60 miles RT

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

### Waiver of Service of Summons

**F I L E D**

JUN 1 2 2008  YM
Jun 12, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: **Brian Perron**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **Sgt. Mateer** acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of  Brian Perron vs. Sgt. Mateer, et al.
(CAPTION OF ACTION)

which is case number  08C1735  in the United States District Court for the
(DOCKET NUMBER)

Northern District of  Illinois .
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  April 24, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                                              SIGNATURE

Printed/Typed Name: _____

As _____ of _____
TITLE                                      CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Brian Perron

CASE NUMBER: 08 C 1735

vs.

JUDGE: Robert M. Dow, Jr.

Sgt. Mateer, Dep. Hannon, Chief Lavery


TO:    Sgt. Mateer, Dep. Hannon, Chief Lavery


YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:         Brian Perron, #167203 - Pro Se
Firm:         Dupage - DCJ
Address:      P.O. Box 957
City:         Wheaton, IL 60187
Telephone:

an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: _____
    Sheila Moore, Deputy Clerk

Dated: April 23, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
| --- | --- |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]   Served personally upon the defendant.  Place where served: _____

_____

[ ]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left: _____

[ ]   Returned unexecuted: _____

[ ]   Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
| --- | --- | --- |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                                          Signature of Server

                                                    _____
                                                    Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1735 | **DATE** | April 22, 2008 |
| **CASE TITLE** | Brian Perron (#167203) v. Sgt. Mateer, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Dupage County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the trust fund officer at Dupage County Jail. The Clerk shall issue summonses and attach a Magistrate Judge Consent Form to the summons for each defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice at this time.

■ [For further details see text below.]                                    Docketing to mail notices.

### STATEMENT

　　Plaintiff, Brian Perron, a detainee at DuPage County Jail, seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

　　Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Failure of Plaintiff to notify the Clerk of Court of any change in mailing address may result in dismissal of this lawsuit with prejudice.

| | Courtroom Deputy Initials: | CJ.H |
|---|---|---|

Page 1 of

## STATEMENT

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Dupage County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.).

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d 649, 656 (7th Cir. 2004). In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

# Instructions for Filing a Civil Case

| Document | General Information | Number of Copies Required |
|---|---|---|
| **Complaint** | List all plaintiffs and defendants in the caption the top left of the complaint. State your case in your own words, using additional pages if you need them. Your signature, address, and telephone number must appear on the last page of your complaint. Exhibits may be attached to your complaint. | You must provide an original, 1 copy for the assigned judge, and 1 copy for *each* defendant named in your complaint. If you are suing the federal government or one of its agencies, you need to provide 3 extra copies. |
| **Civil Cover Sheet (JS-44)**<br><br>This is a form used by the Court in preparing the docket for your case. | Instructions for completing this form appear on the reverse side of the JS-44. | Only the original is required. |
| **Appearance**<br><br>The appearance form is used to designate who will be acting as the attorney for a party. | If you do not have an attorney and will be proceeding without counsel, fill in the appearance form in accordance with the instructions found on the reverse side of the form, supplying your name and address. Add the words "pro se" next to your name. | Only the original is required. |
| **Filing fees** | There is a fee of $350 for the filing of a civil case other than a writ of habeas corpus. If you are unable to afford the fee, see the information below about in forma pauperis petitions. | NA |
| **In Forma Pauperis Petition**<br><br>This petition is used by a plaintiff who requests approval by the court for a civil case to proceed without the prepayment of the filing fee. | Complete all appropriate sections of the petition, sign and date. | You must provide an original and 1 copy for the assigned judge. |
| **Motion for Appointment of Counsel**<br><br>This motion is a request that the court appoint an attorney. | Complete the motion form in accordance with the instructions attached to the form. | You must provide an original and 1 copy for the assigned judge. |
| **Summons** | Complete the original and one copy for service to each defendant. Your own name and address should appear under the heading labeled "Plaintiff's Attorney." | You must provide an original and 1 copy for *each* defendant named in your complaint. If you are suing the federal government or one of its agencies, you need to provide 3 extra copies. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Consent to Exercise of Jurisdiction
## By a United States Magistrate Judge

Case Title                                Case Number:


                                          Assigned Judge:

            V.

                                          Designated
                                          Magistrate Judge:


    In accordance with the provisions of Title 28 U.S.C.§636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Should this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment. If an objection is filed by any party, the case will be reassigned to the district judge before whom it was last pending.


| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |

| | By: | |
|---|---|---|
| Date | Signature | Name of Party or Parties |


Note: File this consent *only* if all parties have consented on this form to the exercise of jurisdiction by a United States magistrate judge.

*H HW*

**FILED**

**APRIL 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RECEIVED**

MAR 25 2008
3-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Brian Perron

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV1735**
**JUDGE DOW**
**MAGISTRATE JUDGE KEYS**

vs.

Case No:_____
(To be supplied by the Clerk of this Court)

Sgt Mateer(Personal Cap)

Dep. Hannon(Personal Cap)

Chief Lavery (Personal Cap)

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

__X__   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____   COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____   OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

   A.   Name: __Brian Perron__

   B.   List all aliases: _____

   C.   Prisoner identification number: __167203__

   D.   Place of present confinement: __Dupage County Jail__

   E.   Address: __501 N. County Farm Rd.Wheaton, Il 60187__

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.   Defendant: __Sgt. Mateer__

      Title: __Sargent__

      Place of Employment: __Dupage County Jail__

   B.   Defendant: __Dep. Hannon__

      Title: __Deputy__

      Place of Employment: __Dupage Co. Jail__

   C.   Defendant: __Chief Lavery__

      Title: __Chief of Dupage Co. Sheriff's Office__

      Place of Employment: __Retired__

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A.    Name of case and docket number: __Perron V Lyons__

    B.    Approximate date of filing lawsuit: __Aug. 31st.2096__

    C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: __Brian Perron__

    D.    List all defendants: __David Lyons__

    E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __18th Circuit Court in Dupage County, Il__

    F.    Name of judge to whom case was assigned: __Judge Popejoy__

    G.    Basic claim made: __Fraudulent Statement to Judge regarding legal material__

    H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __The case was dismissed due to being past Statue of Limitation. This is being appealed__

    I.    Approximate date of disposition: __Jan. 4th, 2008__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On the morning of May 30th,2006 at approx 0800, Sgt Mateer was doing cell inspections in her assigned area, which she noticed pictures on my wall. She states, she knocked on my cell door and stated for me to take them down. Upon me not responding, since I was asleep with earplugs, Dep. hannon opened my cell door and Sgt. Mateer entered and without attempting to wake me, started "ripping" down my pictures. I woke up and started yelling. During this time, Dep. Hannon choked me unconsciece. When I regained conscieceness, Dep. Hannon had his hand around my throat and Sgt. Mateer was on top of me holding my right arm down. They both got up and left my cell and someone closed my cell door. after a nurse saw me for having problems swallowing the nurse scheduled me to see the doctor the next morning. I received an institutional ticket for Assault/Battery to staff, which also could carry criminal charges, among other instutution- al violations. Ex. A. A Dupage Sheriff's Police Crime Against Persons Report was filed against me for Assault against Sgt. Mateer on May 30th,2006. Ex B. On May 31st,2006, I went to

4

medical to see the doctor which had to put me on a clear liquid

diet due to problems swallowing. Upon arriving back to my cell

pictures were crumbled up and thrown all over the floor of my

cell. According to witness David Tratt, an inmate, Sgt Mateer

and other deputies unknown to witness, went to my cell at approx.

0645, eventhough Sgt Mateer does not start work until 0700,

started ripping my pictures off the walls and throwing them on

the floor and stepping all over them. Ex C. Noone elses cell was

even looked at since at this time cell inspections were not being

performed. Chief Lavery agreed this was inappropriate behavior

and stated he talked to Sgt. Mateer about this. Ex D. During

the time of Sgt. Mateer and others were destroying my property

Pro-Se Legal Motions disappeared from my cell. I complained to

my Criminal Judge about the attack, asking for restraining

orders as well as the theft of my Pro-Se legal motions. (court

transcripts are provided) My criminal judge agreed to contact

Internal Affairs and notify them of my complaint. Dep. Martin

Manion, Special Services Manager, came to see me and stated IA

contacted him and he would investigate the incident..Later, that

evening, Sgt Laskero, Sgt. Collins, and Dep. Bosson, came by my

cell and knocked on the door and stated they were giving me a

verbal warning, without asking me any questions, eventhough,

Sgt. Mateer filed the Crimes against persons report stating she

Revised 9/2007

she was a victim of Assault and listed me as suspect. Ex B at *5

No criminal charges were ever filed against me due to the

State's Attorney not finding probable cause due to this was

a repeated behavior complained of by inmates to Chief Lavery,

which he chose to ignore and condone this type of behavior

No institutional ticket was issued to me for the violation

to jail rules that I was written up for on May 30th,2006 for

hanging pictures on the wall, eventhough this violation required

a Sgt. to investigate before she started work in an area that

she was not assigned to. Sgt. Mateer was finally placed on Admin.

leave and then demoted two(2) levels to regular deputy on the

midnight shift away from the male population and any Supervisory

role due to her constant inappropriate behavior.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

??? Damages; ??? Punitive Damages; Restraining order against

Dep. Hannon, and Sgt. Mateer(now Dep. Mateer); and any other

relief the court finds appropriate; the cost of this legal action

from the defendants.

**VI.**    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _4th_ day of _march_ 20 _06_

_Brian Perron_

(Signature of plaintiff or plaintiffs)

Brian Perron

(Print name)

167203

(I.D. Number)

Dupage County Jail

501 N. County Farm Rd.

Wheaton, Il. 60187

(Address)

6

Revised 9/2007

**Wheaton, Illinois**  REV: 6-02
**Incident Report**

Report # DCC _____
Violations
1-02 Assault/Battery To Staff
1-17 Interfering With Doors
1-20 Abusive/Disrespectful Language
2-26 Disorderly Conduct
3-13 Hanging Objects/Pictures Affixed

A copy of the incident report was delivered to the inmate
By: **Dep. Hannon, #136**
Date: **05/30/06**    Time: **1330**
A hearing will be held on the alleged violations.

Date of Report     Time
5/30/2006          1:24:4
                   5 PM

Reporting Officer:  Sgt. Mateer

Emp. #   793

Nature of Incident
Violation Of Rules/Use Of Force

Location of Incident     Date        Time
1-A-05                   05/30/06    0805

Persons(s) Involved
Name              IR#        Docket #
Perron, Brian     167203     20504950

Witness(es)
Name                         Emp./Docket #
Dep. Hannon  DOA #136        136

☐ _____ Wristband applied by (if applicable): _____
☐ Copy of request slip to inmate file (if applicable).    ☐ Population boards tagged (if applicable).
Copy:
☒ Supervisors, ☒ MSU, ☐ Psych, ☒ Seg Book, ☐ Rec Room, ☐ Housing Sheet, ☐ Court Coordinator, ☐ R&D, ☐ Social Services
☐ Chaplain, ☐ Law Library, ☐ Laundry, ☐ Transport, ☐ Visiting, ☐ Kitchen, ☐ Trusty Supervisor, ☐ Contract Supervisor,
☐ Fire & Safety Ofc, ☒ OPS, ☐ Special Services Manager, ☐ Administrative Assistant, ☐ Work Release, ☐ Separation Coordinator
Narrative: (Describe the incident and what if any action was taken)

On this date, during cell inspections, R/S observed hanging pictures and materials inside inmate Perron's cell door. R/S told
inmate Perron to remove the articles and he did not respond. R/S entered inmate Perron's cell and discovered more than 30
pictures taped to most of his cell walls. R/S began removing pictures and Perron rose out of bed and started screaming at R/S.
Inmate Perron ordered R/S out of his cell. R/S ordered inmate Perron to remove all objects affixed to his walls. Slowly, and
while calling R/S a "bitch" and raising his voice, inmate Perron began removing pictures. R/S observed more than 20 papers
identifying Perron's diet trays, also with tape, affixed to the outside of Perron's sink. R/S began removing the tape and inmate
Perron grabbed R/S's right hand to attempt to prevent this. R/S pushed inmate Perron away from R/S and Dep. Hannon
lowered inmate Perron onto his bunk. This was the only force used in this incident. After R/S and Dep. Hannon left inmate
Perron's cell, and as Dep. Hannon was closing his cell door, inmate Perron put his right arm and then his body into the path of
the moving door in an attempt to stop it and exit his cell. While holding his cell door open, inmate Perron was screaming,
swearing at R/S and ordering R/S to return to his cell again. Dep. Hannon stopped the movement of the cell door and Perron
removed himself from the door's path. He was seen by MSU Hedberg following this incident and complained of pain to his
neck area from the door. No medical report was generated.

O__
in__
pi__
ln__
v
ic
P
k

_____
Signature Watch Commander

_____ #793
Signature Reporting Officer

| ☒ Violation of Jail Regulations | Inmate Hearing Report | Date of Hearing: | 6/1/06 |

| Inmate Name: | PERRON, BRIAN | Inmate Docket: 2050 4950 |

| Hearing Officer # 1: SGT. COLLINS #625 | Hearing Officer # 2: SGT. LASKERO #942 | Hearing Officer # 3: DEP. BOSSON #604 |

| Inmate Status: | ☒ Pre-Trial | ☐ Sentenced | ☒ Felony | ☐ Misdemeanor | ☐ Traffic | ☐ Civil | ☐ Contract |

Violation (Regulation and Number) # 1-02 ASSAULT/BATTERY, 1-17 INTERFER WITH DOOR, 1-20 ABUSIVE /DISRESPECTFUL LANGUAGE, 2-26 DISORDERLY CONDUCT, 3-13 HANGING OBJECTS/PICTURES

☒ Inmate Given an Opportunity to Respond and Present a Defense.
☒ Inmate Not Found Incompetent to Present a Defense.
☐ Inmate Appears Incompetent To Present a Defense or Does Not Understand Proceeding.

☒ Inmate Admits Violation: 1-02, 1-17, 1-20, 2-26, 3-13          ☐ Inmate Denies Violation:
☒ Facts Determined Founded: 1-02, 1-17, 1-20, 2-26, 3-13          ☐ Facts Determined Unfounded:

**Factual Basis For Finding:**

INMATE PERRON STATES, "YES REPORT IS CORRECT". AT TIME OF HEARING, INMATE PERRON HAD NO ITEM HANGING ON THE WALLS. CHARGEABLE ALL COUNTS # 1-02, 1-17, 1-20, 2-26, 3-13 BASED ON OFFICER'S REPORT OF, "R/S ENTERED INMATE PERRON'S AND DISCOVERED MORE THAN 30 PICTURES TAPED TO MOST OF HIS CELL WALLS" AND "WHILE HOLDING HIS CELL DOOR OPEN, INMATE PERRON WAS SCREAMING, SWEARING AT R/S AND ORDERING R/S TO RETURN TO HIS CELL AGAIN." AND R/S BEGAN REMOVING THE TAPE AND INMATE PERRON GRABBED R/S'S RIGHT HAND TO ATTEMPT TO PREVENT THIS."

**Discipline Imposed:**

ENTERED COMPUTER
VERBAL WARNING
2ND WRITE-UP

☐ Population boards are tagged (if applicable).
☐ Psychological staff is to re-evaluate at the completion of disciplinary time (if applicable).

_Signature Hearing Officer # 1._     _Signature Hearing Officer # 2._     _Signature Hearing Officer # 3._

_Signature Chief of Corrections_

**INCIDENT #** 06-18761　　OPS+C

06UF0049.

## DUPAGE SHERIFF'S POLICE
## CRIMES AGAINST PERSONS

| CODE | TYPE OF INCIDENT | DATE OCCURRED | DATE REC. | DAY OCC. | TIME OCC. | TIME REC. | DISP. | ARR. | COMP. |
|---|---|---|---|---|---|---|---|---|---|
| 0090 | Use of force | 053006- | 053006 | 3- | 0805- | 0805 | 0805 | 0805 | 0805 |

| | LOCATION OCCURRED | | CODE | CITY | SEC |
|---|---|---|---|---|---|
| | County Jail 1-A-05 | | 512 | Wheaton | 52 |

| CODE | ON | OFFICER - RANK Initial, Name & # | Agency or Address | Code | CODE | ON | OFFICER - RANK Initial, Name & # | Agency or Address | Code |
|---|---|---|---|---|---|---|---|---|---|
| O1 | V | Sgt. M. J. Matzer, #793 | DPSO | 512 | O2 | W | Dep. D. Hannon, #136 | DPSO | 512 |

| CODE | ON | NAME LAST FIRST MIDDLE | ADDRESS | CODE | D.O.B. | S | R | TX HOME | TX BUS |
|---|---|---|---|---|---|---|---|---|---|
| | S | Perron, Brian J | 501 N. County Farm Rd., | 512 | | M | W | DNA | DNA |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| NAME OF ARRESTEE | CHARGE | C.C. OR TICKET # |
|---|---|---|
| | | |

**PERSON DESCRIPTION**

| CODE | SEX | RACE | AGE | HEIGHT | WEIGHT | BUILD | HAIR | HAIR STYLE | EYES | GLASSES | STYLE GLASSES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | M | W | 34 | 5'10" | 219 | Fat | Brn | long | Grn | | |

| SCARS, TATTOOS, FACIAL HAIR | CLOTHING (HEAD TO TOE) |
|---|---|
| | jail uniform |

**VEHICLE DESCRIPTION**

| CODE | COLOR | YEAR | MAKE | MODEL | STYLE | LIC.YR. | LIC. STATE | LIC. TYPE | LICENSE # |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

VIN and DISTINGUISHING MARKS:

| SEX OFFENSE ☐ | ROBBERY ☐ | BATTERY ☐ | DOMESTIC BATTERY ☐ | VIOLENT DOMESTIC ☐ | ASSAULT ☒ | ELDER ABUSE ☐ | PHONE THREAT ☐ |
|---|---|---|---|---|---|---|---|

| PREMISES | WEATHER | HOW VICTIM WAS ATTACKED: |
|---|---|---|
| | DNA | hand sX |

| WEAPONS USED | SUSPECT KNOWN ☒ | IDVA INFO PROVIDED /ADVOCATE NOTIFIED | VICTIM UNDER |
|---|---|---|---|
| hand | RELATIONSHIP | ☐ Name: | INFLUENCE? ☐ |

| DOMESTIC HISTORY/ ARRESTS MADE/ PERSON ARRESTED | DESCRIBE SUSPECT'S ACTIONS AND SPEECH: |
|---|---|

| HOSPITAL USED | DOCTOR | ADMITTED ☐ | NATURE OF INJURIES LOCATION ON BODY |
|---|---|---|---|

| FORENSIC INVESTIGATOR NOTIFIED ☐ PRESENT ☐ Name: | DETECTIVE NOTIFIED ☐ PRESENT ☐ Name: |
|---|---|

**NARRATIVE:**

On this date, during cell inspections, R/S observed hanging pictures and materials inside inmate Perron's cell door. R/S told inmate Perron to remove the articles and he did not respond. R/S entered inmate Perron's cell and discovered more than 30 pictures taped to most of his cell walls. R/S began removing pictures and Perron rose out of bed and started screaming at R/S. Inmate Perron ordered R/S out of his cell. R/S ordered inmate Perron to remove all objects affixed to his walls. Slowly, and while calling R/S a "bitch" and raising his voice, inmate Perron began removing pictures. R/S observed more than 20 papers identifying Perron's diet trays, also with tape, affixed to the outside of Perron's sink. R/S began removing the tape and inmate Perron grabbed R/S's right hand to attempt to prevent this. R/S pushed inmate Perron away from R/S and Dep. Hannon lowered inmate Perron onto his bunk. This was the only force used in this incident. After R/S and Dep. Hannon left inmate Perron's cell, and as Dep. Hannon was closing his cell door, inmate Perron put his right arm and then his body into the path of the moving door in an attempt to stop it and exit his cell. While holding his cell door open, inmate Perron was screaming, swearing at R/S and ordering R/S to return to his cell again. Dep. Hannon stopped the movement of the cell door and Perron removed himself from the door's path. He was seen by MSU Hedberg following this incident and complained of pain to his neck area from the door. No medical report was generated.

| OFFICER #1 | OFFICER #2 | SUPERVISOR | DATE |
|---|---|---|---|
| M. J. Matzer, #793 | Dep. D. Hannon, #136 | | 5/30/06 |

Printed: 5/30/2006

Incident 06-18761: Page 1 of 1

DUPAGE COUNTY SHERIFF'S POLICE                                                    PAGE: 000001
Date:  05/30/06    Time: 13:13                                         Requested By: CARTWRIGHT,REBECCA

                          I N C I D E N T   R E C A L L

Incident      Time  Type  Pri Dispo      Address        Bldg Apt  Callers Name    P-unit    Close
                                         Location                 Callers Address           Date/   Operator
                                    Beat  Team/Dist  Area         Callers Phone             Time
----------------------------------------------------------------------------------------------------
2006-018761   13:11 99990  3   9960  JAIL                         783                       06/05/30 B0132
                                    JAIL                                                    13:12
                                    8052      02      002

Date    Time                                                                     Operator
----    ----                                                                     --------
06/05/30 13:11 Incident Initiated By: SO/CARTWRIGHT,REBECCA                      CARTWRIGHT,REBECCA
06/05/30 13:11 Original Location : JAIL                                          CARTWRIGHT,REBECCA
06/05/30 13:11 Time Initiated    CHANGED From:              #1                   CARTWRIGHT,REBECCA
06/05/30 13:12 Incident Closed   CHANGED From:        To:8800                    CARTWRIGHT,REBECCA
06/05/30 13:12 UCR code          CHANGED From:        To:9960                    CARTWRIGHT,REBECCA
                                                      To:9960

==== Vehicle / Subject Information ====

Chief Lavery

## DUPAGE COUNTY JAIL
### INMATE REQUEST/GRIEVANCE FORM

FORM NO 04-122
REVISED XX/XX

PRINT NAME: _Brian Perran_                                    DATE: _6/4/06_

DOCKET NUMBER: _20504950_          HOUSING LOCATION: DIV _1_ POD _A_ CELL _5_

CHECK ONLY ONE ITEM PER SLIP

### LEGAL
- [ ] PUBLIC DEFENDER
  - CASE # _____
- [ ] PROBATION
  - COURT ROOM # _____

### ADMINISTRATIVE SERVICES
- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUTDATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST
- [ ] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRUSTY WORK REQUEST
- [X] OTHER _Disc Appeal_

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES
- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)
- [ ] JOB READINESS
- [ ] GED
- [ ] BASIC COMPUTER TRAINING
- [ ] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] PARENTING (FEMALE ONLY)
- [ ] TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES
- [ ] CATHOLIC WORSHIP
- [ ] MUSLIM WORSHIP
- [ ] CHRISTIAN WORKSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE
- [ ] SCRIPTURE REQUEST (TYPE) _____
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES
- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT
- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER _____

DESCRIBE (Use Reverse Side if More Space is Needed)

I would like to Appeal my Disc Ruling pertaining to Incident on
5/31/06 w/Sgt mateer. The Jail standards were not followed pertaining to
putting an inmate cell per Sgt mateer's own Report. I never responded to
her so Dep Hanson opened my cell door. She began "Ripping" my personal
belongings off the wall when my cell door opened. I was up. Sgt
mateer "Provoked" this incident by not following Jail standards. She
caused conflict between Inmate + Jail staff which standards are
in place to prevent this conflict.

DUPAGE COUNTY JAIL
INMATE REQUEST/GRIEVANCE FORM

FORM NO-00422
REVISED:03/05

PRINT
NAME: Brian Perron                                    DATE: 5/30/06

DOCKET
NUMBER: 20504950                    HOUSING LOCATION: DA  1  POD  A  CELL  5

CHECK ONLY ONE ITEM PER SLIP

## LEGAL

- [ ] PUBLIC DEFENDER
- [ ] PROBATION

CASE #                                                COURT ROOM #

## ADMINISTRATIVE SERVICES

- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUTDATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST
- [x] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRUSTY WORK REQUEST
- [ ] OTHER

## JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOLCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)
- [ ] JOB READINESS
- [ ] GED
- [ ] BASIC COMPUTER TRAINING
- [ ] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] PARENTING (FEMALE ONLY)
- [ ] TELEPHONE REQUEST

## JUST of DUPAGE RELIGIOUS SERVICES

- [ ] CATHOLIC WORSHIP
- [ ] MUSLIM WORSHIP
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE
- [ ] SCRIPTURE REQUEST (TYPE)
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] BIBLE STUDY CORRESPONDENCE COURSE

## JAIL CHAPLAIN SERVICES

- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

## DUPAGE COUNTY HEALTH DEPARTMENT

- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER

DESCRIBE (Use Reverse Side If More Space Is Needed)

On this date 5/30/06 Sgt matier & Dep Hansen failed to follow Policy Protocol when entering an inmate's cell & proceeded to take malicious unprovoked action against me. See Sgt matier Incident Rep 5/30/06 Int. by to chaliging me dragging me to my bunk All of this is a Representative by Said officers following Protocol & walking me up & asking me to Remove pics witness David Tooth will testify to my pradings This is an ongoing Harassment & Retaliation as complained of previously.

## DUPAGE COUNTY JAIL
### INMATE REQUEST/GRIEVANCE FORM

FORM SO-0043Z
REVISED 03/06

PRINT NAME: Brian Pesson

DATE: 5/31/06

DOCKET NUMBER: 20504950

HOUSING LOCATION: DIV. 1  POD A  CELL 5

CHECK ONLY ONE ITEM PER SLIP

### LEGAL

☐ PUBLIC DEFENDER

CASE #

☐ PROBATION

COURT ROOM #

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR
☐ LAW LIBRARY
☐ OUTDATE/WARRANT CHECK
☐ HAIRCUT
☐ LETTER OF INCARCERATION REQUEST

☒ GRIEVANCE
☐ COMMISSARY AUDIT
☐ TRUSTY WORK REQUEST
☐ OTHER

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS
☐ NARCOTICS ANONYMOUS
☐ ADDICTION EDUCATION/12 STEP
☐ AL-ANON (FEMALE ONLY)
☐ SUBSTANCE ABUSE COUNSELING
☐ DOLCE PASOS DE VICTORIA
☐ ONE ON ONE COUNSELING
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

☐ JOB READINESS
☐ GED
☐ BASIC COMPUTER TRAINING
☐ ANGER MANAGEMENT
☐ BOOK CLUB (FEMALE ONLY)
☐ PARENTING (FEMALE ONLY)
☐ TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP
☐ MUSLIM WORSHIP
☐ CHRISTIAN WORSHIP/BIBLE STUDY
☐ CHAPLAIN, JUST of DUPAGE

☐ SCRIPTURE REQUEST (TYPE)
☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN

☐ FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER

DESCRIBE (Use Reverse Side If More Space is Needed)

On the morning of 5/31 at approx. 6:30am I went to sick call. Approx 6:45am, Sgt. motor + 4 dep entered my cell Pilling my belongings off the wall + tearing up my belongings. Also I had notons + a sealed brown envelope address to the federal courts out by my truck upon returning I was looking for this paperwork to bring in court I had court at 1:30pm the morning of sealed Fed. was missing Sgt. Gride was candled and stated he saturday can at Rion Ave Filed

OVER)

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM NO Q-00103
REVISED 02/96

PRINT NAME: David    Tract    DATE: June 8, 2006

DOCKET NUMBER: 20511464    HOUSING LOCATION: D/__ 3 __ POD __ k __ CELL __ 9 __

CHECK ONLY ONE ITEM PER SLIP    ** AFFIDAVIT OF MAY 31, 2006: 1-A-5(Brian Perron)

**LEGAL**

- [ ] PUBLIC DEFENDER
- [X] PROBATION

CASE #_____    COURT ROOM #_____

**ADMINISTRATIVE SERVICES**

- [ ] SHIFT WATCH SUPERVISOR
- [X] GRIEVANCE
- [ ] LAW LIBRARY
- [X] COMMISSARY AUDIT
- [ ] OUT DATE/WARRANT CHECK
- [X] TRUSTY WORK REQUEST
- [ ] HAIRCUT
- [X] OTHER
- [ ] LETTER OF INCARCERATION REQUEST

**DUPAGE SOCIAL/EDUCATIONAL SERVICES**

- [ ] ALCOHOLICS ANONYMOUS
- [X] JOB READINESS
- [ ] NARCOTICS ANONYMOUS
- [X] GED
- [ ] ADDICTION EDUCATION/12 STEP
- [X] BASIC COMPUTER TRAINING
- [ ] AL-ANON (FEMALE ONLY)
- [X] ANGER MANAGEMENT
- [ ] SUBSTANCE ABUSE COUNSELING
- [X] BOOK CLUB (FEMALE ONLY)
- [ ] PASOS DE VICTORIA
- [X] PARENTING (FEMALE ONLY)
- [ ] ONE ON ONE COUNSELING
- [X] TELEPHONE REQUEST
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] TO COURT LETTER (REQUEST OF ACTIVITIES ATTENDED)

**RELIGIOUS SERVICES**

- [X] CATHOLIC WORSHIP
- [X] SCRIPTURE REQUEST (TYPE)
- [X] PROTESTANT WORSHIP
- [X] ESTUDIO DE LA BIBLIA EN ESPANOL
- [X] CHRISTIAN WORSHIP/BIBLE STUDY
- [X] BIBLE STUDY CORRESPONDENCE COURSE
- [ ] CHAPLAIN, JUST OF DUPAGE

**JAIL CHAPLAIN SERVICES**

- [ ] DEACON ANDREW, CHAPLAIN
- [X] FATHER GREG, ASS'T/CHAPLAIN

**DUPAGE COUNTY HEALTH DEPARTMENT**

- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER

DESCRIBE (Use Reverse Side if More Space is Needed)

The following is an "Accurate Accounting" of the thevents which occured on
May 31st 06  in the aftermath of an Incident in the cell of Brian Perron's.
On or about 6:45am, I observed Sgt. Metzer and four(4) additional deputies,
enter the cell of Brian Perron. Sgt. Metzer immediately began "ripping down"
property, "affixed" above the door entryway, at the same time, stating "this
has this is what i'm talking about". She was taking pleasure in the act
and it was very suspicious, as she rushed in the opd, after Perron had been
called for "sick call". One deputy had bent over his bed and began removing

***OVER***          ***OVER***          ***OVER***

property "affixed". (2)deputies which, included dep. Mecheel(sort), were
in the "right, entry-way corner (out of sight). The last deputy was assis-
ting the Sgt. in this approx;3-minute encounter.

Upon leaving, they all were stepping on the property that was removed.
[T]hey did not, remove and place the property on the bed in a manner that
would give an affect of "Respect" to the property, rather, it was thrown
about the floor and stepped on. The Sgt. departed, while gestering her
hands in a "washing type motion. When they left the unit, there was a
lot of "laughing about what they had accomplished:

The above accounts are true and correct as observed (by David Kratt) during
the am hours of May 31, 2006.





## OFFICE OF THE SHERIFF
### COUNTY OF DuPAGE

**JOHN E. ZARUBA**
SHERIFF

501 N. COUNTY FARM ROAD
WHEATON, ILLINOIS 60187
ADMINISTRATION (630) 682-7269
CIVIL DIVISION (630) 682-7250

TO    : Inmate Brian Perron  3K-8

FROM : Deputy Martin C. Manion Special Services Manager

DATE : 8 June, 2006

RE    : Grievance

In follow up to our previous conversation regarding your submitted grievances dated May 30th and May 31st involving the taking down of objects affixed to your cell wall by Sgt. Mateer and other staff. After reviewing all submitted documentation from yourself, Inmate Tratt (witness) and Deputy Hannon, it is for the following listed reasons that I deny both of your submitted grievances.

1. On May 30th at approximately 0805 hours Sgt. Mateer ordered you to remove pictures from your wall and meal tags from your sink. When you did not answer she proceeded to enter your cell and began taking down tags from your sink. It is reported by both Sgt. Mateer and Deputy Hannon that you jumped up from bunk and grabbed Sgt. Mateer's right hand. You were then grabbed by Deputy Hannon and lowered back onto your bunk.

2. Per report and interview with Sgt. Mateer and Deputy Hannon it was reported that you used abusive language toward Sgt. Mateer.

3. You were seen by Nurse Hedberg after incident and no injuries were reported.

4. On May 31st when Sgt. Mateer and other staff entered your cell they took down all pictures/tags affixed to wall and sink. Sgt. Mateer stated to me that no items including pictures or legal work was ever taken from your cell.

5. Your previous negative behavior toward staff was also taken into account.

6. Due to your claim that you did not hear the order from Sgt. Mateer on May 30th to take pictures off wall, you were only given a verbal warning.

Copy:
Chief Lavery
Grievance File
Inmate File
File

Chief Lawlity

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM-GC-04/05
REVISED 03/05

PRINT
NAME: BRian Perreal                                    DATE: 6/11/06

DOCKET
NUMBER: 20504950                      HOUSING LOCATION: D/L 3 POD K CELL 8

CHECK ONLY ONE ITEM PER SLIP

### LEGAL
- [ ] PUBLIC DEFENDER
- [ ] PROBATION

CASE # _____                      COURT ROOM # _____

### ADMINISTRATIVE SERVICES
- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUTDATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST
- [ ] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRINITY WORK REQUEST
- [X] OTHER  Appeal

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES
- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)
- [ ] JOB READINESS
- [ ] GED
- [ ] BASIC COMPUTER TRAINING
- [ ] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] PARENTING (FEMALE ONLY)
- [ ] TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES
- [ ] CATHOLIC WORSHIP
- [ ] MUSLIM WORSHIP
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE
- [ ] SCRIPTURE REQUEST (TYPE) _____
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES
- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT
- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER

DESCRIBE (Use Reverse Side If More Space Is Needed)

I'm appealing marty's decision about the theft & brutality on 5/20 + 5/21. ① I disagree with his decision ② It's appearing as this Report was written before I could sit down with witness lists received ③ It appears this is a cover up of if jail standards not being follow or ④ bail isn't set properly is exception or if other legal action is to be taken or if I'm being prejudiced against. ⑤ This should be conducted by someone that's not biased that works with & go out with the guards making him bias & prejudice against me.

**JOHN E. ZARUBA**
SHERIFF

501 N. County Farm Road
Wheaton, Illinois 60187
(630) 407-2000
FAX (630) 407-2013
www.co.dupage.il.us/sheriff



| | |
|---|---|
| Civil Division | (630) 407-2050 |
| Corrections | (630) 407-2255 |
| Crime Laboratory | (630) 407-2100 |
| Detective Division | (630) 407-2323 |
| Radio Room | (630) 407-2400 |
| Records Division | (630) 407-2270 |
| Warrants Division | (630) 407-2290 |

## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

TO:        Inmate Brian Perron #20504950

FROM:    Chief Lavery

SUBJ:     Grievance Appeal dated 6/11/2006

DATE:    June 13, 2006

INMATE FILE
INMATE COPY
STATE'S ATTORNEY

   I have reviewed your grievance appeal, Deputy Manion's response to your grievance dated 6/8/2006, and Inmate David Tratt's (#20511464) account of the incident dated 6/8/2006.

   I disagree with your assessment of Deputy Manion, the Grievance Officer. I find in my review that Deputy Manion was not biased. Deputy Manion works well with the inmate population. He shows compassion and his conduct is moral and ethical. For example, for humanitarian reasons and at no cost to those inmates in need, he makes it a practice to obtain commissary items for inmates for their welfare and benefit. As a matter of fact, some inmates try to take advantage of his kindness.

   I have spoken to Sergeant Mateer regarding the manner in which the paper items were removed from the walls of your cell on the 31st of May. These items should have been removed and placed onto the cell desk or bunk. I have addressed same this date with Sergeant Mateer.

   It is apparent to me that no items were removed from your cell by staff on either date (May 30 & 31). Staff reported a use of force (May 30) after you initiated physical contact with Sergeant Mateer. Therefore, these parts of your appeal are denied. Staff also reports that you attempted to exit your cell (May 30) as the door was closing resulting in the door making contact with your body. Thereafter, a medical staff member saw you. You also attended sick call the next date (May 31).

Copy to:
Grievance File
Deputy Manion
Inmate File

RECEIVED

SEP 0 5 2007

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

FILED

SEP 0 5 2007

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

1    STATE OF ILLINOIS          )
                               ) ss  **06-0679**
2    COUNTY OF DU PAGE          )

3              IN THE CIRCUIT COURT OF DU PAGE COUNTY
          FOR THE EIGHTEENTH JUDICIAL CIRCUIT OF ILLINOIS
4

5    THE PEOPLE OF THE          )          *ORIGINAL*
     STATE OF ILLINOIS,         )
                               )
6                   Plaintiff,  )
                               )
7              -vs-             )          No. 03 CF 3539
                               )
8    BRIAN PERRON,             )
                               )
9                   Defendant.  )

10

11          REPORT OF PROCEEDINGS had at the hearing of the

12   above-entitled cause, before the Honorable MICHAEL BURKE,

13   Judge of the said Court, on Wednesday, the 31st day of

14   May, 2006.

15

16       PRESENT:

17          MR. JOSEPH E. BIRKETT,
            State's Attorney of DuPage County, by
            MS. HELEN KAPAS, and MS. ANN CELINE O'HALLAREN,
18          Assistant State's Attorneys,

19              Appeared on behalf of the People of the
                State of Illinois;
20
            MR. BRIAN PERRON, appearing pro se.
21

22

23

24

1  certainly, that is a request being made by the state.

2  Based on their nolleing of the new case and the new case

3  being one of the allegations in the PTR, it certainly

4  makes sense to the Court to try and wrap up 3539.  I am

5  going to let you file whatever motions you think are

6  appropriate on 3539 on or before the next court date and

7  then we will deal with those motions and set a sentencing

8  hearing if that is appropriate.

9      MR. PERRON:  I'd like to file a petition for post

10  conviction relief.

11      THE COURT:  On 3539?

12      MR. PERRON:  Yes, sir.

13      THE COURT:  Is this the petition in its entirety right

14  now?

15      THE COURT:  Yes, sir.  There will not be any

16  supplemental or anything like that.  This is the file then

17  so we can put it down for state's response and any

18  argument on the state whether it is a motion to dismiss or

19  response, other response.

20          Do you have anything else we need copies of today

21  on 3539?

22      MR. PERRON:  Hold on, I'm still looking.

23      THE COURT:  This is 1360.

24      MR. PERRON:  That is an issue from the jail.  I was

1    attacked by two officers there.  There's witnesses and

2    everything.  That's why I put the 05 case because it was

3    the current one open.  I am asking for a hearing on the

4    motion for restraining order from those two.  I would like

5    to call witnesses from the jail as well as the sergeant's

6    report is right there, based on violations of protocol,

7    police protocol.

8         THE COURT:  You have to file that in a civil division.

9    It's a civil motion.  It has nothing to do with this

10   courtroom.

11        MR. PERRON:  I was told I could file state stuff

12   through this court.

13        THE COURT:  File it through the clerk's office.

14        MR. PERRON:  Basically it's a safety issue big time.

15   I am asking for the Court's help in protecting me from

16   these two officers.  I was choked unconscious by these two

17   officers.  I have witnesses that will testify to that.  I

18   filed complaints.  I went to medical this morning because

19   of it.  I need something, some help because basically my

20   pleadings before for harassment and retaliation for my

21   complaints against the jail, I have submitted those to

22   you, and it's still going on and this time it's getting

23   physical.  I need some help.

24        THE COURT:  Order the incident reports from that.

7

1      MS. KAPAS:  Certainly.

2      MR. PERRON:  Let me go through, I have several 05

3  cases, I know that's closed.

4      MS. KAPAS:  For clarification that was this morning on

5  May 31, 2006?

6      MR. PERRON:  5:30 yesterday morning, 8:05 Sergeant

7  Matier was the reporting.  If you'd like, here is a copy

8  of the incident report for you to get the information or

9  if you want to make copies, that's what was given to me.

10      THE COURT:  Anything else to file in 3539 so we can

11  move this along?

12      MR. PERRON:  There was a motion last time on that case

13  for document statements.

14      THE COURT:  I don't know what that means.

15      MR. PERRON:  It's the docket summary statement.  It is

16  a list of all the documents that have been filed in this

17  case.

18      THE COURT:  I don't have such a thing.

19      MR. PERRON:  The clerk usually types it in the

20  computer everything that is filed.  It's a list of

21  everything in this case.

22      THE COURT:  I don't even know what a document list is.

23  I don't know what you're talking about.  If you want

24  access to the court file, again, I did that for you once

12

1      MR. PERRON:  Yes.

2      THE COURT:  You can file that on that, then it will

3  just be entered and continued because what I'm going to do

4  is push forward to try to resolve if possible the 3539

5  case first, then we'll see where that takes us.  But you

6  can file whatever you want, and it will just be entered

7  and continued.

8      MR. PERRON:  Your Honor, when are we going to address

9  the issue at the jail?  I fear for my safety from these

10  two officers because they came back again this morning,

11  stole mail for the federal courts, the suit, stole the

12  other petition for the 3521 out of my cell while I was in

13  medical.  I have witnesses to that.  Again they didn't

14  follow protocol for inspection of the cells.  It's more

15  harassment by the same sergeant and four other deputies.

16  I fear for my safety because she is in charge.  She is a

17  sergeant.  I mean I rather not go two weeks if possible

18  because of the previous two days.  I have been assaulted,

19  and I mean I would like to ask also that --

20      THE COURT:  You had nothing to do with the assault?

21  It says you were screaming bitch at them.

22      MR. PERRON:  Police protocol is that they have to

23  announce themselves before coming into the cell.  I was

24  asleep.  They opened it.  She is supposed to holler louder

13

1  or kick the leg of the bed.  The vibration would wake me

2  up.  She didn't.  She stepped in, started ripping stuff

3  off my wall, woke me up and of course I was defensive.

4      THE COURT:  So ripping stuff off the wall that is a

5  violation of jail rules to have on the wall?

6      MR. PERRON:  Correct, but it's against police

7  protocol which basically provoked the action on my behalf.

8  I mean it is per the jail standards.

9      THE COURT:  You became defensive and it got physical?

10     MR. PERRON:  No, I did not touch the officer at all.

11  I got up and she basically, I am not sure.  All I know is

12  I was down and when I woke up I had this male officer's

13  hand around my throat and she was pinning me down my ribs

14  and stuff.  Witnesses to it said that they had their knee

15  against my neck pinning me down and basically I don't

16  know.  I don't know what happened.  Next thing I know

17  everything was over and she walked out, her and the other

18  officer.  I mean I plan on raising this issue this

19  afternoon with the witnesses.

20     THE COURT:  That's what you have to do, present your

21  witnesses to, I'm sure you are going to have a higher

22  ranking officer there than a sergeant at your hearing.

23     MR. PERRON:  No.

24     THE COURT:  Just a sergeant?

14

1      MR. PERRON:  Yes.

2      THE COURT:  What do they do with complaints that you

3   make regarding this to the jail authorities?

4      MR. PERRON:  I talked to Sergeant Grody this afternoon

5   about it.  He said to file a grievance to Marty Manion.  I

6   filed it last night.  That does not solve the safety

7   issue.  My safety, I am concerned.

8      THE COURT:  From what I hear I am not concerned.  It

9   appears to me that whatever happened very well may have

10   been provoked by you, I don't know.  But the jail is

11   charged with making sure that you are safe there, but they

12   are also charged with running a jail.  And if defendants

13   choose to violate the rules and not move when they're told

14   to move, things of that nature, become defensive as you

15   say, then they have to use some type of force.

16      MR. PERRON:  When the action is heinous or it is a

17   safety issue, the pictures on the wall doesn't constitute

18   either one.

19      THE COURT:  I am not A, a jail expert.  I am not B, a

20   judge in the civil division in this courthouse.  I am

21   trying to get through your criminal cases as best as

22   possible.

23      MR. PERRON:  I am asking because of my safety.  I have

24   been attacked.  I am asking for help.  If you like, please

15

1    transport me now to a civil judge.

2        THE COURT:   What I need to do then I need to undertake

3    my own investigation to make sure that these officers are

4    following jail procedure, that's what you want me to do?

5        MR. PERRON:   Per the law you are supposed to if I

6    raise the issue of safety concerns in the jail because I

7    have no other alternative.   I mean like I said if you

8    like, please escort me to the civil courts where I can

9    talk to that judge since it's a civil matter.

10       THE COURT:   Okay.  I will make a phone call, and I

11   will see what is going on.   I am not that concerned based

12   upon what you're telling me and based upon your past

13   history of noncompliance with various areas.

14       MR. PERRON:   It was nothing physical.

15       THE COURT:   That is all.  See you on June 16.

16       MR. PERRON:   Also, I would like access to the proper

17   agency, internal affairs to file a formal complaint.

18       THE COURT:   That's what you need to do.

19       MR. PERRON:   I don't have access because I am an

20   inmate.  I don't have access to a phone to where I can

21   reach them, and I don't have the phone number.

22       THE COURT:   Here's what I'm going to do.   I am going

23   to call internal affairs at the jail and I am going to

24   tell them that you are claiming police brutality in the

16

1    jail.

2        MR. PERRON:  And theft.

3        THE COURT:  And theft, and that you fear for your

4    safety.

5        MR. PERRON:  Yes.

6        THE COURT:  We will see if the sheriff's department

7    chooses to investigate through internal affairs this

8    allegation.  Okay, June 16, 9:00 o'clock.

9        MR. PERRON:    Can I receive the response that you get

10   back from that, your Honor?

11       THE COURT:  I am going to make a phone call.  If they

12   give me a written response, yeah, I will give it to you, I

13   will give it to the state.  They are going to undertake

14   some type of investigation to make sure that you're safe

15   in the jail.

16       MR. PERRON:    Okay, thank you.

17

18                   (Whereupon, which were all the proceedings

19                    had in the hearing of the above-entitled

20                    cause for this day.)

21

22

23

24

MARIE R. JAKUBIEC  CSR LICENSE NO. 084-001117
                   DUPAGE COUNTY  C-0800521