IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN PERRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **08 CV 1735** |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| SGT. MATEER (Personal Cap.), | ) | |
| DEP. HANNON (Personal Cap.), | ) | Magistrate Judge Keys |
| CHIEF LAVERY (Personal Cap.) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT LAVERY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**NOW COMES** the Defendant, GARY LAVERY (named herein as "CHIEF LAVERY"), by and through his attorney, JOSEPH E. BIRKETT, DuPage County State's Attorney, and his Assistants Thomas F. Downing and Paul F. Bruckner, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint against him and in support thereof states as follows:

### INTRODUCTION

On March 25, 2008, the Clerk of the District Court received a Complaint from Plaintiff purporting to assert a civil rights action against Defendant herein pursuant to 42 U.S.C. § 1983 (The Complaint reflects that it was filed on April 22, 2008, though Plaintiff's certification indicates that Plaintiff allegedly signed it on March 4, 2006(?))[1]. Plaintiff purports to name Chief Lavery (Personal Cap.)[2] as a defendant in a Complaint under the Civil Rights Act, Title 42

---

[1] Gary Lavery received a Waiver of Service of Summons on July 1, 2008. The executed Waiver was forwarded to Plaintiff at his new address. A copy of the executed Waiver is attached as Exhibit A.
[2] Gary Lavery ("Chief Lavery") is the former Chief of Corrections for the DuPage County Sheriff. He is now retired.

Section 1983 U.S. Code, however, Plaintiff fails to give notice as to how Chief Lavery allegedly violated Plaintiff's constitutional rights.

## STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.163, 164 (1993); *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480,483 (7th Cir.1997). Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need not recite all relevant facts or recite the law, but requires a short and plain statement showing that the party is entitled to relief. *Fed. R. Civ. P. 8(a)*. However, a plaintiff can plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County*, 75 F.3d 151, 153-154(7th Cir. 1995).

## ARGUMENT

### Failure To State A Claim Against Chief Lavery

In Plaintiff's Complaint, Plaintiff purports to assert a Section 1983 claim against Gary Lavery ("Chief Lavery (Personal Cap.))". However, Plaintiff does not state any legal basis for an individual capacity claim, and the Complaint should be dismissed as to defendant Lavery.

In order to state a Section 1983 claim against an individual, facts must be alleged that the Defendant was "personally involved in the constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986). In Plaintiff's Complaint, he makes no allegations of any personal involvement of Defendant, Gary Lavery, in any alleged constitutional deprivation. Accordingly,

the Plaintiff does not state a claim against Gary Lavery, in an individual or "Personal" capacity, and Plaintiff's Complaint must be dismissed as to Gary Lavery.

The only allegation in Plaintiff's Complaint regarding "Chief Lavery" is that Chief Lavery "agreed this [Sgt. Mateer's alleged actions regarding ripping pictures off the walls on May 31, 2006] was inappropriate behavior and stated that he talked to Sgt. Mateer about this." (see p. 5 of Plaintiff's Complaint). *Based upon Plaintiff's pleading*, it appears that Chief Lavery addressed Plaintiff's complaint regarding Sgt. Mateer, and attempted to remedy the situation. There is no allegation regarding any constitutional deprivation by Chief Lavery, merely an allegation that Chief Lavery agreed with Plaintiff and addressed the situation with Sgt. Mateer. Plaintiff fails to give notice to Chief Lavery as to how Chief Lavery allegedly violated Plaintiff's constitutional rights. Accordingly, the Plaintiff does not state a claim against Gary Lavery, in an individual or "Personal" capacity, and Plaintiff's Complaint must be dismissed as to Gary Lavery.

### Failure to Comply With Local Rule 81.1

Local Rule 81.1 provides that "*[P]ro se* complaints, brought under the Civil Rights Act, 42 U.S.C. § 1983, by persons in custody shall be in writing, signed and certified. Such Complaints shall be on forms supplied by the Court." Plaintiff, while a person in custody, filed a *pro se* complaint, brought under the Civil Rights Act, 42 U.S.C. § 1983, on a form supplied by the Court. However, Plaintiff failed to comply with the instructions on the form relative to the filing of previous lawsuits. Plaintiff has failed to disclose his filing of thirty-three (33) lawsuits.

Pursuant to Section III of Plaintiff's Complaint, Plaintiff was required to **"List ALL lawsuits you. ... have filed in any state or federal court in the United States."** (emphasis in

original) The instructions for Section III, which appear at the bottom of the page in boldface, upper case type states, in pertinent part:

**"REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. ...."**

In Section III, Plaintiff has listed only one case, specifically, *"Perron v. Lyons"* (Plaintiff does not list the docket number, however, it is DuPage County Case No. 07 CH 2200). However, in addition to the one case listed, Plaintiff had actually filed at least thirty-three (33) additional cases at the time he filed the current complaint. Specifically, during a 2006 incarceration in the DuPage County Jail, Plaintiff filed twenty five (25) cases, *in forma pauperis*, in DuPage County[3]. Motions to dismiss were filed by defendants in said cases, and all twenty-five (25) cases were dismissed. During a 2007 incarceration in the DuPage County Jail, in addition to Case No. 2007 CH 2200, Plaintiff filed an additional eight (8) cases in DuPage County[4]. Each of these cases was either dismissed pursuant to a motion, or withdrawn by Plaintiff when a DuPage County Judge refused to allow him to sue or defend as an indigent person.

Plaintiff has failed to disclose to this Court that in addition to this case, and the one case listed, he had filed at least thirty-three (33) other lawsuits at the time he filed this case. The form required by Local Rule 81.1 specifically requires that Plaintiff completely fill out Section III of the form, regardless of how many lawsuits he has filed. Pursuant to the instructions of Section III, Plaintiff will not be excused from filling out Section III completely, and failure to fill out

---

[3] Plaintiff filed the following cases in the 18th Judicial Circuit Court, DuPage County: 2006 MR 859; 2006 MR 860; 2006 MR 861; 2006 MR 862; 2006 MR 941; 2006 MR 942; 2006 MR 943; 2006 MR 944; 2006 MR 996; 2006 MR 997; 2006 MR 998; 2006 MR 999; 2006 MR 1000; 2006 MR 1001; 2006 MR 1026; 2006 MR 1027; 2006 MR 1028; 2006 MR 1029; 2006 MR 1030; 2006 MR 1031; 2006 MR 1032; 2006 AR 1205; 2006 CH 1213; 2006 CH 1214; and 2006 CH 1215.
[4] Plaintiff filed the following cases in the 18th Judicial Circuit, DuPage County: 2007 MR 1170; 2007 MR 1171; 2007 MR 1172; 2007 MR 1173; 2007 MR 1174; 2007 MR 1653; 2007 MR 1225; and 2007 MR 1225

Section III completely may result in dismissal of the case. Plaintiff has failed to completely fill out Section III, specifically failing to disclose that he had filed an additional thirty-three (33) lawsuits. Plaintiff's failure to disclose the filing of his thirty-three (33) lawsuits should result in dismissal of his case.

    WHEREFORE, for the foregoing reasons, Defendant, GARY LAVERY (named herein as "CHIEF LAVERY"), respectfully requests that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                              Respectfully submitted,

                              JOSEPH E. BIRKETT
                              DuPage County State's Attorney
                              By:  s/ PAUL F. BRUCKNER
                                    PAUL F. BRUCKNER
                                    Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Paul F. Bruckner, A.S.A.
Attorney No. 6206660
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO:** Brian Perron
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Chief Lavery, acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Brian Perron vs. Sgt. Mateer, et al.
(CAPTION OF ACTION)

which is case number 08C1735 in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois.
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ~~April 24, 2008~~ JULY 1, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

7-2-2008
DATE                                 SIGNATURE

Printed/Typed Name: GARY J. LAVERY

As _____ of _____
   TITLE                CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**EXHIBIT A**

## CERTIFICATE OF SERVICE

TO:   Brian Perron
      200 E. Irving Park Road, #5
      Wooddale, IL 60191

The undersigned being first duly sworn upon oath states that:

On the 4th day of August, 2008, I served a copy of our APPEARANCES, DEFENDANT LAVERY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE and NOTICE OF MOTION, according to Fed.R.Civ.P. 5(a,), by mailing a copy to Brian Perron at the above-named address, and depositing the same in the U.S. Mail in Wheaton, Illinois with the proper postage prepaid.

s/PAUL F. BRUCKNER
Assistant State's Attorney

w\pfb\Perron 1735 Lavery MTD